POLIZZOTTO & POLIZZOTTO, LLC
Alfred J. Polizzotto, Esq.
6911 18th Avenue
Brooklyn, New York 11204
*Attorneys for Plaintiff*
Tel. No. (718) 232-1250

**UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| ALEX SOSA, *individually and on behalf of others similarly situated*, | Civil Action No. |
| *Plaintiff*, | **COMPLAINT** |
| against | **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)** |
| 8772 MEAT CORP. d/b/a KEY FOOD, SAM "DOE", the last name being fictitious intended to be an owner and/or officer of 8772 Meat Corp., and ZIAD SHOMAN, | **JURY TRIAL DEMANDED** |
| *Defendants*. | |

---

Plaintiff Alex Sosa ("Plaintiff") individually and on behalf of others similarly situated by and through his counsel, Polizzotto & Polizzotto, LLC, upon personal knowledge as to himself, and upon information and belief as to other matters alleges as follows:

**NATURE OF THE ACTION**

1. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and the New York Labor Law ("NYLL"), Plaintiff seeks to recover unpaid minimum and overtime wages and related damages from Defendants.

2. Plaintiff is a former employee of Defendant 8772 Meat Corp. d/b/a Key Food, Sam Doe and Zaid Shoman.

3. Defendants own, operate, or control a supermarket located at 8772 18th Avenue, Brooklyn, NY 11214 under the name "Key Food".

4. Upon information and belief, individual Defendants Sam Doe and Zaid Shoman, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the deli as a joint or unified enterprise.

5. Plaintiff was employed as a stock person, delivery person, performed cleaning duties, inventory of goods, bagging of merchandise for customers of Defendants and performed other manual labor duties at the supermarket located 8772 18th Avenue, Brooklyn, NY 11214.

6. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8. Regardless, at all relevant times, Defendants paid Plaintiff at a rate that was lower than the minimum wage rate.

9. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

10. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and

state law and regulations.

11. Plaintiff now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

12. Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. Jurisdiction is proper since this Court has original federal question jurisdiction under 28 U.S.C. § 1331 as this case is brought under a federal statute, the FLSA, 29 U.S.C. § 201, et seq.

14. This Court has supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's state law claims are so related to Plaintiff's federal law claims as to form part of the same case or controversy.

15. At all times relevant, and on information and belief, Defendant 8772 Meat Corp. d/b/a Key Food (collectively "8772") have constituted enterprises engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(s)(l), each with a gross annual volume of sales made or business done of not less than $500,000. 8772's enterprises have had employees engaged in commerce that handle or otherwise work on goods and materials that have been moved in or produced for commerce, and that use interstate wires

when processing customers' credit card payments.

16. At all times relevant, and on information and belief, 8772 regularly purchases goods and materials in interstate commerce and Plaintiff regularly handled such goods. Specifically, Plaintiff handled goods moving through interstate commerce when purchasing and selling food and groceries.

17. Venue in this jurisdiction is proper under 28 U.S.C. § 1391(b)(2) since the events and omissions giving rise to the claims occurred in this judicial district. Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a supermarket located in this district. Further, Plaintiff was employed by Defendants in this district.

## PARTIES

### Plaintiff

18. Plaintiff Alex Sosa ("Alex") is an adult individual residing in Kings County, New York and a former employee of Defendants.

19. Plaintiff was employed as a stock person, delivery person, performed cleaning duties, inventory of goods, bagging of merchandise for customers of Defendants and performed other manual labor duties from approximately May 2017 through January 8, 2021.

20. Plaintiff consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### Defendants

21. Upon information and belief, Defendant 8772 Meat Corp. d/b/a Key Food ("8772") is a domestic corporation organized and existing under the laws of the State of New

York.

22. At all times relevant, Defendant has operated as a supermarket located at 8772 18th Avenue, Brooklyn, New York 11214.

23. On information and belief, Defendant Sam "Doe" is a co-owner of 8772 and its Chief Executive Officer. Defendant Sam "Doe" is a natural person engaged in business in Kings County, New York, and as a co-owner of 8772, is being sued individually in his capacity as an owner. Defendant Sam "Doe" is Plaintiff's employer as defined by FLSA, 29 U.S.C. § 203(d) and NYLL § 190, as at all times relevant he has had the authority to hire and fire employees and has established and exercised authority regarding the pay practices at 8772. On information and belief, Defendant Sam "Doe" has been a "shareholder" of 8772 within the meaning of New York Business Corporation Law § 630 at all times relevant to this action.

24. On information and belief, Defendant Ziad Sholman is a co-owner of 8772 and an Officer. Defendant Ziad Sholman is a natural person engaged in business in Kings County, New York, and as a co-owner of 8772, is being sued individually in his capacity as an owner. Defendant Ziad Sholman is Plaintiff's employer as defined by FLSA, 29 U.S.C. § 203(d) and NYLL § 190, as at all times relevant he has had the authority to hire and fire employees and has established and exercised authority regarding the pay practices at 8772. On information and belief, Defendant Ziad Sholman has been a "shareholder" of 8772 within the meaning of New York Business Corporation Law § 630 at all times relevant to this action.

25. Plaintiff intends to name as defendants all individuals or entities that had and have

sufficient control over Defendants' enterprise to make them liable for Plaintiff's claims under the FLSA and NYLL. By naming 8772 as a defendant, Plaintiff intends to give notice to all such individuals of the claims for which they may be liable. After a reasonable opportunity for further investigation or discovery, Plaintiff will likely have evidentiary support to identify and name additional individuals that did business at 8772, or a subsidiary thereof, and to add those persons or entities as named defendants.

*Defendants Constitute Joint Employers*

26. Defendants operate a supermarket located in the Bensonhurst neighborhood in Brooklyn, New York.

27. Individual Defendants, Sam Doe and Zaid Shoman possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

28. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29. Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

30. Defendants jointly employed Plaintiff (and all similarly situated employees) and are Plaintiff's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

31. In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

32. Upon information and belief, Individual Defendants Sam Doe and Zaid Shoman operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

   a. failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation

   b. defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records

   c. transferring assets and debts freely as between all Defendants

   d. operating Defendant Corporation for their own benefit as the sole or majority shareholders

   e. operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

   f. intermingling assets and debts of their own with Defendant Corporation,

   g. diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

   h. Other actions evincing a failure to adhere to the corporate form.

33. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff,

controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff's services.

34. In each year from 2017 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the supermarket on a daily basis are goods produced outside of the State of New York.

## FACTS

36. Plaintiff Alex Sosa was employed by Defendants to work stock person, delivery person, performed cleaning duties, inventory of goods, bagging of merchandise for customers of Defendants and performed other manual labor duties at 8772 from on or about May 11, 2017 to January 8, 2021.

37. Plaintiff regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York

38. In his employment for 8772, Alex Sosa was a covered employee under FLSA, 29 U.S.C. § 203(e) and NYLL § 190 and is not exempt from the minimum wage and maximum hour requirements under 29 U.S.C. § 213.

39. From on or about May 11, 2017 to January 8, 2021, Alex Sosa worked at least seventy-two (72) hours per week for Defendants.

40. From on or about May 11, 2017 to January 8, 2021, Alex Sosa worked Monday through Wedensday from 9:00 a.m. to 9:00 p.m.; and Friday through Sunday from 9:00 a.m. 9:00 p.m.

41. From on or about May 11, 2017 to January 8, 2021, Defendants paid Alex Sosa a flat rate of $500.00 per week.

42. At all times relevant, Alex Sosa worked for Defendants in excess of forty (40) hours each week for which Defendants paid him wages each week in cash and for which he was required to sign over to the Defendants a check made payable to him in an amount of approximately $175.00 per week for all hours worked, and with no statement or notice advising him or his regular or overtime rates.

43. By way of example, during the week of March 14, 2020, Alex Sosa was paid $500 for the week for all hours worked and was forced to sign over check number 19680 in the amount of $175.00 back to 8772 which was made payable to him.

44. At all times relevant, Defendants failed to provide Alex Sosa with wage notices in English and in Alex Sosa's primary language of Spanish, containing *inter alia* the rates of pay and basis thereof, allowances, regular pay day, name of employer, any additional business names, physical address of employer and telephone number as required by NYLL § 195(1).

45. At all times relevant, Defendants failed to notify Alex Sosa in writing, or by public posting, of the employer's policy on sick leave, vacation, personal leave, holidays, and hours as required by NYLL § 195(5).

46. At all times relevant, Defendants have willfully paid Alex Sosa below the minimum wage rate required by the FLSA, 29 U.S.C. § 206.

47. At all times relevant, Alex Sosa has worked for the Defendants in excess of forty (40) hours each week, but Defendants have failed to pay Alex Sosa at the overtime rate required by the FLSA, 29 U.S.C. § 207, for the time in excess of forty (40) hours that he has worked each

week.

48. At all times relevant, Defendants willfully paid Alex Sosa below the minimum wage rate required by NYLL § 652 and 12 NYCRR § 146-1.2.

49. At all times relevant, Alex Sosa has worked over forty (40) hours each week for Defendants, and Defendants willfully failed to pay Plaintiff at the overtime rate required by NYLL, 12 NYCRR § 146-1.4, for the time in excess of forty (40) hours that he worked each week.

50. At all times relevant, Alex Sosa worked shifts that exceeded ten (10) hours each workday, but Defendants willfully failed to pay him a spread-of-hours premium for those shifts, in violation of 12 NYCRR § 146-1.6.

*Defendants' General Employment Practices*

51. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

52. Plaintiff was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

53. Defendants' pay practices resulted in Plaintiff not receiving payment for all his hours worked, and resulted in Plaintiff's effective rate of pay falling below the required minimum wage rate.

54. Defendants' time keeping system did not reflect the actual hours that Plaintiff worked.

55. Defendants paid Plaintiff his wages in cash.

56. Defendants failed to post at the workplace, or otherwise provide to employees, the

required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

57. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff (and similarly situated individuals) worked, and to avoid paying Plaintiff properly for his full hours worked.

58. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

59. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff and other similarly situated former workers.

60. Defendants failed to provide Plaintiff and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

61. Defendants failed to provide Plaintiff and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part

of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

62. Plaintiff brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

63. At all relevant times, Plaintiff and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

64. The claims of Plaintiff stated herein are similar to those of the other employees

### First Claim

### Failure to Pay Minimum Wage in Violation of the FLSA
### (29 U.S.C. §§ 201 *et seq.*)
### Brought by Plaintiff against all Defendants

65. Plaintiff repeats, realleges and incorporates each and every preceding paragraph as if set

forth fully herein.

66. At all times relevant, Defendants have been an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. Defendants knowingly failed to pay Plaintiff the required minimum wage under the FLSA for each hour worked.

67. At all times relevant, Plaintiff has been an "employee" for Defendants within the meaning of FLSA, 29 U.S.C. § 203.

68. Defendants were required to pay Plaintiff at a rate not less than the minimum wage rate under the FLSA for all hours worked.

69. Defendants willfully failed to pay Plaintiff the required minimum wage under FLSA, 29 U.S.C. § 206(a) for each hour worked.

70. Plaintiff seeks damages for unpaid compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, along with such other relief as this Court deems just and proper.

## Second Claim

### Failure to Pay Overtime in Violation of the FLSA
### (29 U.S.C. §§ 201 *et seq.*)
### Brought by Plaintiff against all Defendants

71. Plaintiff repeats, realleges and incorporates each and every preceding paragraph as if set forth fully herein.

72. Throughout the period covered by the applicable statute of limitations, and on information and belief, Plaintiff regularly worked in excess of forty (40) hours per workweek.

73. At all times relevant, and on information and belief, Defendants repeatedly and willfully failed to pay Plaintiff in accordance with the overtime provisions of the FLSA for work performed in excess of forty (40) hours per workweek, in violation of FLSA, 29 U.S.C. §

207.

74. Plaintiff seeks unpaid compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs along with such other relief as this Court deems just and proper.

### Third Claim

### Failure to Pay Minimum Wage in Violation of NYLL
### (NYLL §§ 650 *et seq.* and 12 NYCRR § 146-1.2)
### (Brought by Plaintiff against all Defendants)

75. Plaintiff repeats, realleges and incorporates each and every preceding paragraph as if set forth fully herein.

76. Throughout the period covered by the applicable statute of limitations and upon information and belief, Defendants knowingly paid Plaintiff less than the minimum wage as required by NYLL and the supporting regulations of the New York State Department of Labor.

77. Plaintiff seeks to recover their unpaid compensation, liquidated damages pursuant to NYLL § 198, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

### Fourth Claim

### Failure to Pay Overtime in Violation of NYLL
### (NYLL §§ 650 *et seq.* and 12 NYCRR § 146-1.4)
### (Brought by Plaintiff against all Defendants)

78. Plaintiff repeats, realleges and incorporates each and every preceding paragraph as if set forth fully herein.

79. Throughout the period covered by the applicable statute of limitations, Defendants willfully and repeatedly failed to pay Plaintiff at the overtime rate for hours worked in excess of forty (40) hours per workweek as required by NYLL.

80. Plaintiff seeks unpaid compensation, damages pursuant to NYLL § 198, attorneys' fees,

costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

## Fifth Claim

**Failure to Provide Wage Statements in Violation of NYLL**
**(NYLL §§ 195(3) and 12 NYCRR § 146-2.3)**
**(Brought by Plaintiff against all Defendants)**

81. Plaintiff repeats, realleges and incorporates each and every preceding paragraph as if set forth fully herein.

82. Defendants have failed to provide Plaintiff with wage statements in violation of NYLL § 195(3).

83. Plaintiff has been damaged in an amount as yet determined, plus liquidated damages.

## Sixth Claim

**Failure to Provide Wage Notices in Violation of NYLL**
**(NYLL §§ 195(1) and 12 NYCRR § 146-2.2)**
**(Brought by Plaintiff against all Defendants)**

84. Plaintiff repeats, realleges and incorporates each and every preceding paragraph as if set forth fully herein.

85. Defendants have failed to provide Plaintiff with wage notices in violation of NYLL § 195(1).

86. Plaintiff has been damaged in an amount as yet determined, plus liquidated damages.

## Seventh Claim

**Failure to Pay Spread-of-Hours Premium in Violation of NYLL**
**(NYLL §§ 195(1) and 12 NYCRR § 146-2.2)**
**(Brought by Plaintiff against all Defendants)**

87. Plaintiff repeats, realleges and incorporates each and every preceding paragraph as if set forth fully herein.

88. Upon information and belief, Defendants willfully and intentionally failed to pay Plaintiff one hour's pay at the New York minimum wage rate on days in which they worked in excess often (10) hours as required under 12 NYCRR § 146-1.6.

89. Plaintiff has been damaged in an amount as yet determined.

## RELIEF SOUGHT

Plaintiff respectfully requests that this Court grant them the relief to which they are entitled and:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA Class

members;

   (d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

   (e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff and the FLSA Class members;

   (f) Awarding Plaintiff and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

   (g) Awarding Plaintiff Serrano and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

   (h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

   (i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

   (j) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Serrano's compensation, hours, wages and any deductions or credits taken against wages;

(k) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff;

(l) Awarding Plaintiff damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable;

(m) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o) Awarding Plaintiff and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p) Awarding Plaintiff and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4);

(r) All such other and further relief as the Court deems just and proper.

## **JURY TRIAL**

Plaintiff demands a jury trial for all causes of action and claims for which they have a right to a jury trial.

Dated: Brooklyn, New York
March 1, 2021

Respectfully submitted,

Polizzotto & Polizzotto, LLC
Attorneys for Plaintiff

By:_____
Alfred Polizzotto, III, Esq. (AP0891)
6911 18th Avenue
Brooklyn, New York 11204
Tel: (718) 232-1250
Fax: (718) 256-0966
E-mail: ap3@polizzotto.com